UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>LUCIAN CELESTINE,<br><br>　　　　　　Defendants. | 5:20-mj-134<br><br>AFFIDAVIT IN SUPPPORT OF<br>CRIMINAL COMPLAINT |

State of South Dakota　)
　　　　　　　　　　　　) ss
County of Pennington　 )

　　　I, Chad Sayles, being duly sworn, states as follows:

　　　1.　　I am a Detective with the Rapid City Police Department, and currently assigned to the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) as a Task Force Officer (TFO). I have been employed with the Rapid City Police Department since 2009 and assigned to the ATF Task Force since 2016. Prior to my employment with the Rapid City Police Department, I was employed with South Dakota Game Fish and Parks as a Conservation Officer. During that time, I have attended and completed a twelve-week basic Law Enforcement certification course in South Dakota. I have also attended and completed a one-week ATF Task Force Officer training in Washington D.C. I attended Black Hills State University and graduated with a Bachelor's Degree in Science. Currently, my responsibilities are to investigate the use, transportation, distribution, and manufacture of illegal drugs and firearms. I have also

interviewed several drug/firearms users and dealers regarding the manner in which they conduct business and have become familiar with their techniques.

2. The information set forth below is based upon my knowledge of an investigation conducted by the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and the investigation conducted by other law enforcement agents and officers including, but not limited to, South Dakota Division of Criminal Investigation (DCI), the Pennington County Sheriff's Office, and the United States Secret Service. I have not included every fact obtained pursuant to this investigation, but have set forth those facts that I believe are essential to establish the necessary probable cause for the criminal complaint.

3. In June 2020, law enforcement with the United States Secret Service received information that Lucian Celestine of Rapid City, South Dakota, had attempted to acquire firearms on the website "Armslist."

4. Secret Service Special Agents recognized Celestine's name as an individual who had made contact with the Federal Bureau of Investigation on September 1, 2019, and stated he heard the voice of God instructing him to kill people. Celestine also has stated he believed President Donald Trump was a rapist and he had an urge to kill rapists. Celestine had also stated he did not have the means or desire to harm anyone.

5. Secret Service Special Agents were also aware that, on November 14, 2019, Celestine telephonically contacted the United States Secret Service Protective Intelligence Operation Center to report he had strong urges to kill rapists and that he had heard voices telling him President Trump raped his

2

aunt. Celestine reported to Secret Service personnel at the time that he had not taken any steps to meet the voice's demands and did not plan to purchase a weapon or travel. Celestine also stated the purpose of his call was to exonerate the President because he was not behind the voices in his head.

6. Investigation by Special Agents Randall Flint and George Abbruscato starting on June 29, 2020, revealed that Celestine had attempted to purchase a firearm in the previous week.

7. Based on information they had received, on June 29, 2020, Special Agents Flint and Abbruscato contacted an individual in Brookings, South Dakota, who was selling a .308 caliber firearm. The individual described how Celestine acted strangely and did not seem to know much about firearms, though he acted like he did. Celestine was also trying to get the individual to sell him a scope and ammunition for the rifle, but Celestine did not seem to understand the proper way to conduct gun transfers. Celestine wanted the individual to ship the gun to Rapid City from Brookings. Celestine was adamant about having the gun by Friday, June 26, 2020. The individual notified the South Dakota Division of Criminal Investigation, which contacted the Secret Service.

8. Special Agents Abbruscato and Flint requested assistance from the Pennington County Sheriff's Office to help locate Celestine to talk to him. Pennington County Sheriff's Deputy Jeremy Milstead assisted. On June 30, 2020, Deputy Milstead and Special Agents Abbruscato and Flint went to Celestine's residence in Rapid City to make contact with him.

9. These law enforcement individuals arrived at Celestine's residence in Rapid City. As they approached, they spoke to a female outside who was identified as Celestine's mother, Debbie Karr. Debbie described how she was not concerned about Celestine harming himself or others. She described how Celestine did hear a lot of voices. When she was asked if he had acted on them she went on to state she was aware of it. She stated Celestine had recently been determined to be schizophrenic and he was hearing voices.

10. Celestine walked out onto the porch of the residence, and the Deputy and Special Agents spoke to him.

11. After identifying themselves to Celestine, they informed him they wanted to talk to him regarding some of the statements he made when he called law enforcement in the past. Celestine acknowledged the previous interactions with law enforcement and that he had made comments about shooting rapists, but he needed to an acquire a gun.

12. Celestine was asked and stated he did own a gun and it was in the trunk of his car. Celestine voluntarily signed a consent form to permit the search of his car and his residence. Celestine also signed an Authorization to Review Medical and Mental Health Files.

13. Celestine walked the Deputy and Special Agents over to his car and opened the trunk. Located in the trunk was a rifle and ammunition he had recently purchased. The rifle was a Browning X Bolt 300 Winchester Magnum, bearing serial number 04460ZN354. The ammunition included six full boxes of Winchester Super X 300 Winchester Magnum ammunition, one

box of the same ammunition with one round missing, and other ammunition. A receipt from First Stop Gun showed the purchase of seven boxes of ammunition and four targets on June 29, 2020, at 2:45 PM. Celestine then walked the Special Agents and Deputy to his residence and into his bedroom. A consensual search of Celestine's bedroom revealed no evidence or information material to the instant request for a criminal complaint.

14. Celestine stated he recently received a disability payment of $14,000.00. He spent $3,000.00 on a car, $1,700.00 on the rifle, and had about $5,000.00 remaining. Celestine stated the remaining money (approximately $5,000.00) was given to his mother who he owed for expenses she had covered for him while he was waiting for his check.

15. The firearm is a Browning X Bolt 300 Winchester Magnum, bearing serial number 04460ZN354. Browning firearms are manufactured outside the State of South Dakota.

16. Celestine stated he was diagnosed with Schizophrenia in 2018. He stated he quit taking the medication because he did not like how it made him feel. Celestine stated he smokes marijuana daily and that it helps him relax and with the symptoms of his Schizophrenia.

17. I have received and reviewed court-related documents from the Pennington County Board of Mental Illness reflecting that, in October 2019, Celestine was involuntarily committed to the South Dakota Human Services Center, a mental institution, due to a mental illness.

18. Specifically, based on the information law enforcement has obtained, Audra Hill, a Qualified Mental Health Professional, determined that Celestine met the criteria for involuntary/emergency commitment imposed by SDCL 27A-1-2, and was found to be a danger to others, under South Dakota law. Following a hearing on October 11, 2019, before the Pennington County Board of Mental Illness, in which Celestine appeared in person and with counsel, the board determined Celestine had been diagnosed with a severe mental illness and was a danger to others. As a result, he was committed to the South Dakota Human Services Center in Yankton, South Dakota, for a period not to exceed 90 days.

19. I have been informed that South Dakota law, specifically SDCL Chapter 27A-10, sets for the process in which a person may be committed, held, and evaluated for safety reasons. SDCL § 27A-1-2 states that "[a] person is subject to involuntary commitment if: (1) The person has a severe mental illness; (2) Due to the severe mental illness, the person is a danger to self or others or has a chronic disability; and (3) The person needs and is likely to benefit from treatment." I have been informed that, if such circumstances exist, there are statutory requirements applicable to Emergency and Involuntary commitment set forth in SDCL § 27A-10-8 and subsequent court order set forth in § 27A-10-9.1. It is my understanding the Eighth Circuit Court of Appeals has determined this process meets the due process and federal standards under 18 U.S.C. § 922(g)(4). *See United States v. Dorsch*, 363 F.3d 784 (8th Cir. 2004).

## CONCLUSION

Based on the foregoing, your affiant respectfully requests a criminal complaint and arrest warrant be issued for Lucian Celestine for the crime of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(4).

Further your affiant saith not.

Dated: 7/2/20

Chad Sayles
Detective, Rapid City Police Department; ATF Task Force Officer

SUBSCRIBED and SWORN to
____ in my presence
_dw_ by reliable electronic means
this 2nd day of July, 2020.

DANETA WOLLMANN
U.S. MAGISTRATE JUDGE

## ORDER

Based on the foregoing, it is hereby found that probable cause exists for the issuance of a warrant for the arrest of the above-named offender, and it is hereby ORDERED that such warrant be issued.

Dated this 2nd day of July, 2020.

DANETA WOLLMANN
U.S. MAGISTRATE JUDGE